UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| SOCIETY INSURANCE, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:12-cv-1165-WTL-TAB ) |
| KORE OF INDIANA ENTERPRISES, INC., d/b/a as ROCK AND ROLL & A HARD PLACE GENERAL STORE, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ENTRY DENYING MOTION SUMMARY JUDGMENT

This cause is before the Court on the Plaintiff's motion for summary judgment (dkt. no. 29). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

## I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving

party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

The relevant facts of record, viewed in the light most favorable to the Defendants,[1] as the non-moving parties, are not in dispute. Defendant Kore of Indiana Enterprises, Inc., ("Kore") owns and operates the Rock & Roll & A Hard Place General Store in Indianapolis, Indiana ("General Store"). Defendant On Kore LLC ("On Kore") owns and operates Average Joe's Sports Pub and Grill ("Average Joe's"), also in Indianapolis. Both businesses are covered by a Business Owner's Policy ("Business Policy") and a Commercial Umbrella Policy ("Umbrella Policy") issued by Plaintiff Society Insurance ("Society").

On September 30, 2011, David Hughes, on behalf of himself and all others similarly situated, filed suit against Kore ("Hughes Action"), asserting violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), based upon the absence of posted notices on an ATM located in General Store and another ATM located in Average Joe's. The notices required by the EFTA were affixed to the ATMs on or about April 29, 2010; at some time later, the notices were "removed, damaged or altered" by an act that Kore and On Kore (hereinafter "the Kore Defendants") characterize as vandalism.

Kore retained attorney Judy Woods to represent it in the Hughes action; she entered her appearance in that case on October 13, 2011. Pursuant to the Business Policy, Society would pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which [the Business Policy]

---

[1] Defendants Kore of Indiana Enterprises, Inc., and On Kore LLC filed a response to the Plaintiff's motion for summary judgment, in which Defendant David Hughes later joined.

applies," and Society had "the right and duty to defend the insured against any 'suit' seeking those damages." Dkt. 1-2 at 15. The Business Policy further provides that "[t]his insurance applies . . . [t]o 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' and 'property damage' is caused by an 'occurrence' . . . ." *Id.* Finally, the Business Policy provides: "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.'" *Id.* at 28. Society asserted its right of defense and hired attorney Thomas Rosta to represent and defend Kore in the Hughes Action. Rosta entered his appearance on March 13, 2012.

On May 1, 2012, Society mailed a reservation of rights letter to the insured's address on the Business Policy: Mineshaft Saloon,[2] 812 Broad Ripple Ave., Indianapolis, Indiana, by certified mail, return receipt requested. The letter was addressed to the Mineshaft Saloon, Attn.: Rob Sabitini, who is the principal of On Kore and the owner of Kore. It was signed for by someone (the signature is illegible and the box for "printed name" was not completed) on May 5, 2012. The reservation of rights letter stated that Society was reserving its right to deny coverage to "anyone claiming coverage under the policies."

Attorney Woods withdrew her appearance in the Hughes Action on May 17, 2012. A few days later, Hughes amended his complaint to add On Kore as a defendant, apparently having learned that On Kore rather than Kore owned and operated Average Joe's. Rosta assumed the defense of On Kore as well.

---

[2] In addition to Average Joe's and General Store, the Business Policy names Mineshaft Saloon and two other businesses as named insureds. Mineshaft Saloon is listed as a d/b/a of Kore.

3

Society filed this case on August 17, 2012, seeking declaratory judgment that it has no duty to defend the Kore Defendants in the Hughes Action because the claims asserted by Hughes are not covered by either the Business Policy or the Umbrella Policy.

### III. **DISCUSSION**

Society advances several arguments in support of its motion for summary judgment. In their response, the Defendants first assert the Society is estopped from denying coverage because it undertook defense of the Hughes action without properly reserving its rights.

The doctrine of estoppel generally may not be applied to extend the scope of coverage of an insurance contract because "an insurance company should not be forced to pay for a loss for which it had not charged a premium." *Founders Ins. Co. v. Olivares*, 894 N.E.2d 586, 592 (Ind. App. 2008). However, under Indiana law,

> an insurer may be estopped from raising the defense of noncoverage when it assumes the defense of an action on behalf of its insured without a reservation of rights but with knowledge of facts which would have permitted it to deny coverage. This exception is predicated upon the insurer's conflict of interest, that is, at the same time the insurer defends the insured, it may also be formulating policy defenses to deny coverage. It is also justified by the fact that the insured is deprived of his right to control his defense. Whether an insurer is estopped from disclaiming liability under the insurance policy is generally a question for the fact-finder unless the facts giving rise to the estoppel are undisputed and susceptible of only one interpretation.

*Id.* at 592-93 (citations and internal quotation marks omitted). In order to determine whether Society should be estopped from denying coverage in this case, the Court must consider: (1) whether Society "had sufficient knowledge of facts that would have permitted it to deny coverage"; (2) whether Society assumed the defense in the Hughes Action "without obtaining an effective reservation of rights agreement"; and (3) whether the Kore Defendants "suffered some type of harm or prejudice." *Id.*

Consideration of the Defendants' estoppel argument is complicated by sloppy work by Society in preparing its motion for summary judgment. While Society submitted an affidavit along with its motion that stated that a reservation of rights letter "was mailed to the Kore Defendants on May 1, 2012," the same affidavit avers that the document attached as Exhibit A thereto was a copy of the reservation of rights letter sent to the Kore Defendants and was "a true and complete copy" of Society's correspondence with the Kore Defendants. Dkt. No. 31-3. In fact, it was not a true copy; rather, the copy of the letter attached as Exhibit A bore the date it was printed from Society's computer system for use in this litigation—May 6, 2013—rather than its original date of May 1, 2012. *Id.* This error was compounded by the fact that the May 6, 2013, date was repeated by Society in its brief in support of the instant motion. Dkt. No. 30 at 10.

The Kore Defendants spend a large portion of their brief in response to the instant motion arguing that Society is estopped from asserting its contractual defenses to coverage because it undertook the Kore Defendants' defense between March 2012 and May 2013 without sending a reservation of rights letter. In support of this argument, they point to the date on Exhibit A and to the affidavit of Robert Sabatini, who avers that prior to May 6, 2013, neither Kore of Indiana, Kore Enterprises, nor On Kore received a reservation of rights letter from Society, and that "[a]fter May 6, 2013, only Kore Enterprises doing business as Mineshaft Saloon received a reservation of rights letter."

In its reply brief, Society explained that the May 6, 2013, date that appears on Exhibit A was a mistake that was caused by the fact that the letter was stored electronically in a way that caused the date that printed on the letter to reflect the date of printing, not the original date of the letter. Society further explained that the letter as it was originally printed and sent contained the

date of May 1, 2012; that the letter was sent certified mail, return receipt requested; and that, in fact, the receipt was returned and was dated May 5, 2012. Society has submitted evidence to support its explanation.

The Defendants had the opportunity to file a surreply to address the new evidence submitted by Society, but they did not do so. It is not clear to the Court whether Mr. Sabatini would testify at trial that the reservation of rights letter that appears to have been sent and signed for in May 2012 was not received until "after May 6, 2013," or whether he was simply led astray by Society's mistake in its initial brief.[3] Given the state of the record before the Court at this time, however, the issue cannot be resolved by summary judgment, as it would require the Court to assess the credibility of Mr. Sabatini's affidavit.[4]

The Court, then, must assume for purposes of this ruling that the Kore Defendants did not receive a reservation of rights letter from Society until after May 6, 2013. If that is the case, it appears that as a matter of law the Kore Defendants would have been prejudiced, because that would mean that Society "assum[ed] a complete defense of the underlying suit against the insured and control[led] the litigation for an extended period of time after becoming aware of a

---

[3] It is not clear to the Court that the proper inquiry is whether the insured *received* the reservation of rights letter; perhaps it is sufficient to defeat estoppel to demonstrate that the letter was sent by certified mail to the address provided in the policy. The parties appear to assume that the question is whether the letter was received, however, so the Court will as well.

[4] Society asserts that the "postal records" create a strong presumption of receipt that can only be rebutted by "substantial and probative evidence through items such as postal documents or third party affidavits which establish that the reservation of rights letter was not properly delivered or that nondelivery was not its fault." Reply at 8. Perhaps that is a correct statement of the law, but unfortunately Society cites no authority for it, and "[i]t is not this court's responsibility to research and construct the parties' arguments." *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011).

coverage defense." *Transcontinental Ins. Co. v. J.L. Manta, Inc.*, 714 N.E.2d 1277, 1282 (Ind. App. 1998). Accordingly, Society is not entitled to summary judgment.[5]

Because estoppel is an equitable remedy, it appears to the Court that the question of fact whether the reservation of rights letter was received in May 2012 or May 2013 should be resolved by the Court. Accordingly, the Court will bifurcate the issues in this case as follows: the Court will conduct a bench trial on the issue of estoppel; if Society prevails on that issue, the Court will consider the remainder of Society's motion for summary judgment; if summary judgment is not granted in favor of Society, a jury trial will be held to resolve the remaining issues.

## IV. **CONCLUSION**

For the reason set forth above, the Court **DENIES** Society's motion for summary judgment. **The final pretrial conference and jury trial in this cause are hereby VACATED.** This cause is set for a bench trial on the issue of estoppel on **Friday, June 6, 2014, at 9:00 a.m.** in Room 202. In the event the Court determines that estoppel is not appropriate, the Court will then consider the remainder of Society's motion for summary judgment and set a jury trial to resolve any issues that remain following that ruling.

SO ORDERED: 03/14/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[5]The Court disagrees with the Defendants' argument that the reservation of rights letter was ineffective as to On Kore. The letter was sent to the insureds' address as set forth in the policies and clearly states that Society was reserving its right to deny coverage to "anyone claiming coverage under the policies to which these reasons apply." If the letter was timely, it was effective as to both Kore and On Kore.

7